LAMBERT *v.* AMERICAN TRUST CO.

TROVER AND CONVERSION—TRUST MORTGAGE BONDS—DEPOSIT WITH TRUSTEE—FORECLOSURE.

> Trust mortgage bonds, guaranteed by trustee upon fulfilment of certain conditions, which were deposited by holder with trustee for contemplated foreclosure purposes *held*, not converted by use for purpose of deposit which precluded return of the bonds, hence recovery may not be had under count for trover.

Appeal from Wayne; Richter (Theodore J.), J. Submitted October 9, 1935. (Docket No. 36, Calendar No. 38,432.) Decided January 6, 1936.

Action by Nettie Lambert against American Trust Company, a Michigan corporation, for the conversion of bonds. Judgment for defendant. Plaintiff appeals. Affirmed.

*Dykema, Jones & Wheat,* for plaintiff.

*Race, Haass & Allen* (*C. Redman Moon,* of counsel), for defendant.

WIEST, J. The facts in this case are not in dispute. Defendant, under its former name of American Loan & Trust Company, loaned Samuel Feldman $35,000 and received his obligations in the form of 35 bonds, payable to it or bearer, and secured by a mortgage on real estate, sold two of the bonds to plaintiff, with the following guaranty and undertaking on the back thereof:

"1. The American Loan & Trust Company guarantees the holder of the coupons attached to and bearing the same number as the within bond, the

amount thereof in lawful money of the United States of America. * * *

"3.   If within 30 days after the within bond shall have become due by its terms or if within 30 days after the holder thereof shall have received notice or knowledge that the same has become due by declaration under the provisions of the mortgage securing the same, the said holder shall deliver said bond to the American Loan & Trust Company and make request thereto so to do, said company without charge to said holder will prosecute to a conclusion, with reasonable diligence, a suitable action for the collection of said bond and the enforcement of said mortgage; and said bond having been so deposited and said request for collection having been so made as aforesaid, said company hereby guarantees the payment of said bond with interest thereof to date of payment according to the terms of said bond, within 18 months after such deposit and request, but the obligation of the company under this guaranty shall cease unless said bond shall have been so deposited and said request shall have been so made within said period of 30 days."

The bonds, held by plaintiff, were turned over to defendant within the 30 days, accompanied by her letter, stating:

"In accordance with the provisions of paragraph 3 of your agreement indorsed upon these bonds, I hereby deliver the same to you and request that without charge to me you prosecute to a conclusion with reasonable diligence a suitable action for the collection of said bonds and the enforcement of the mortgage mentioned in the bonds, and I notify you that I shall expect to hold you to your guarantee of payment of the bonds in accordance with the terms of such guarantee indorsed by you upon the bonds.

"It is my contention that the selection of the suitable action for the collection of the bonds and the

enforcement of the mortgage is for your decision and determination and I do not wish to direct or control such proceedings in any manner. If, however, you so construe this guarantee as to require me to designate the action to be taken for the collection of the bonds and enforcement of the mortgage, then, but only in such event, I direct that you commence proceedings for the foreclosure of the mortgage in the circuit court for the county of Wayne, State of Michigan, in chancery. This direction is given to you, however, without prejudice to my contention that the selection of action is for your decision and determination and is not intended in any manner to limit or restrict the freedom of your action.''

Thereupon defendant filed a bill to foreclose the mortgage, obtained decree under which sale was had and the property was struck off to defendant for $25,879.64, leaving a deficiency of $5,000, and a proportionate amount of the bid was credited on the bonds in defendant's hands, including the bonds in suit.

Plaintiff then brought this suit, declaring on the contract, on the common counts and in trover, but at the trial elected to stand on the count for conversion of the bonds. Trial was had without a jury, the facts were found and judgment passed for defendant. Upon review, by appeal, plaintiff contends that the court was in error in holding that defendant did not make an unauthorized use of the bonds and, therefore, there was no conversion.

Plaintiff also contends that:

''In determining the correct interpretation of paragraph 3 (above quoted) it is necessary also to read paragraph 6 which provides:

' ''When this bond shall become due according to its tenor, it shall be the duty of the holder thereof

to present it for payment at the office of the American Loan & Trust Company, and the American Loan & Trust Company, as agent for said holder, may receive payment thereof, holding the amount subject to the order of said holder, and may thereupon, in its own name, or in the name of said holder, release said mortgage.' ''

This was an alternative, excluded by counter selection. The bonds were delivered to defendant mortgagee, and use thereof authorized in foreclosure.

When plaintiff sent the bonds to defendant she parted with the right to have return of the instruments. If the use contemplated called for a money return then there was no unauthorized conversion of the bonds. Use of the bonds in the foreclosure was clearly contemplated and such use precluded return of the bonds. Defendant was obligated to take action requiring transmutation of the bonds and this, together with its guarantee of payment to plaintiff, accorded defendant the right to employ the bonds in accomplishment of the foreclosure. The bonds were not turned in to the mortgagee for one purpose and used for another.

Plaintiff failed to show a conversion other than authorized, and her remedy is not under the count for trover.

The judgment is affirmed, with costs to defendant.

North, C. J., and Fead, Butzel, Bushnell, Edward M. Sharpe, and Potter, JJ., concurred.

The late Justice Nelson Sharpe took no part in this decision.